COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
THEODORE J. PINTAR
SHANNON M. MATERA
LAUREN G. KERKHOFF
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOWARD CHARATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       vs.<br><br>AVAYA, INC., et al.,<br><br>                              Defendants. | No. 3:05-cv-02319-MLC-TJB<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF ARTHUR C. LEAHY IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

I, ARTHUR C. LEAHY, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California, and am admitted *pro hac vice* in this Court with regard to this action. I am a member of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP, Lead Counsel of record for plaintiffs in this action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I declare as follows:

(a) Attached hereto as Exhibit 1 is a true and correct copy of *Sinay v. Boron Lepore & Assocs., Inc.*, No. 99-02231(DRD), slip op. (D.N.J. Feb. 14, 2001);

(b) Attached hereto as Exhibit 2 are true and correct copies of excerpts from Avaya, Inc.'s ("Avaya" or "the Company") Securities and Exchange Commission ("SEC") Form 10-Q quarterly reports for the periods ended December 31, 2004 and March 31, 2005, respectively. These reports demonstrate that the number of Avaya common shares outstanding as of January 31, 2005 and April 30, 2005 was 480,014,273 and 477,043,010, respectively. The average weekly trading volume as a percentage of outstanding shares at the start of the Class Period (March 2, 2005) is calculated by dividing average weekly trading volume for the Class Period (approximately 24.3 million – *see* Ex. 5) by the number of outstanding shares on January 31, 2005 (480,014,273). The average weekly turnover ratio of Avaya stock during the Class Period is calculated by dividing the average weekly trading volume

- 1 -

for the Class Period (again, approximately 24.3 million – *see* Ex. 5) by the number of outstanding shares on January 31, 2005 (480,014,273);

   (c) Attached hereto as Exhibit 3 is a true and correct copy of a Bloomberg L.P. report with a date range of March 2, 2005 to April 19, 2005. This "Period D Daily" report demonstrates that Avaya stock was traded on the New York Stock Exchange ("NYSE") with an average daily trading volume of almost 5 million shares, a total trading volume of approximately 170 million shares, and an average daily dollar volume of more than $61 million during the Class Period. The total trading volume of approximately 170 million shares is calculated by adding together the daily volume figures for the Class Period. The average daily dollar volume during Class Period is calculated by adding together the daily dollar volumes (daily price multiplied by daily volume) and dividing that sum by the number of trading days in the Class Period. In addition, this report in conjunction with Exhibit 2, demonstrate Avaya's market capitalization. Avaya's market capitalization at the start of the Class Period (March 2, 2005) is calculated as the number of shares outstanding (approximately 480 million – *see* Ex. 2) multiplied by the prevailing share price ($13.97). Avaya's market capitalization at the end of the Class Period (April 19, 2005) is calculated as the number of shares outstanding (approximately 477 million – *see* Ex. 2) multiplied by the prevailing share price ($10.69);

   (d) Attached hereto as Exhibit 4 is a true and correct copy of a Bloomberg L.P. report with a date range of March 2, 2005 to April 20, 2005. This

- 2 -

- 3 -

"Period D Daily" report demonstrates that during the Class Period, on March 21, 2005, Avaya's stock price dropped by 7%. This report also demonstrates that immediately after the Class Period, on April 20, 2005, Avaya's stock price dropped by 25%;

(e)   Attached hereto as Exhibit 5 is a true and correct copy of a Bloomberg L.P. report with a date range of March 4, 2005 to April 15, 2005. This "Period W Weekly" report demonstrates that during the Class Period, Avaya stock was traded on the NYSE with an average weekly trading volume of 24,360,000;

(f)   Attached hereto as Exhibit 6 is a table entitled "AVAYA INC, Thomson Financial Momentum Report." This table summarizes accurately Avaya's institutional ownership information from Thomson Financial and Avaya's SEC Form 10-Q for the period ended December 31, 2004 (*see* Ex. 2), including the approximate percent of Avaya shares held by certain 13F Institutions (62.17%) during the Class Period and the identity of each of the 358 13F Institutions that held Avaya shares during the Class Period. The identity and Avaya stock holdings of the 13F Institutions are also publicly available information contained in Forms 13F filed with the SEC in 2005 by each 13F Institution;

(g)   Attached hereto as Exhibit 7 is a true and correct copy of the resumé for the law firm Coughlin Stoia Geller Rudman & Robbins LLP;

(h) Attached hereto as Exhibit 8 is a true and correct copy of the relevant excerpt from *Nelson's Directory of Investment Research*, which demonstrates that at least 17 analysts covered Avaya stock during the Class Period;

(i) Attached hereto as Exhibit 9 is a true and correct copy of a Thomson Financial report demonstrating that Avaya filed on Form S-3 with the SEC both before and after the Class Period;

(j) Attached hereto as Exhibit 10 is a true and correct copy of an excerpt from Avaya's Schedule 14A (proxy statement), filed on December 21, 2005. This proxy statement excerpt demonstrates insiders' holdings were 3.2%. This proxy statement excerpt also contains a performance graph comparing Avaya to the S&P 500 Information Technology Index and the S&P 500 Index;

(k) Attached hereto as Exhibit 11 are true and correct copies of Bloomberg L.P. "Period D Daily" reports for the S&P 500 Information Technology Index and the S&P 500 Index, with a date range of March 2, 2005 to April 20, 2005;

(l) Attached hereto as Exhibit 12 is a true and correct copy of an excerpt from Avaya's Schedule 14A (proxy statement), filed on January 4, 2005. This proxy statement excerpt demonstrates insiders' holdings were 2.7%; and

- 5 -

(m)  Attached hereto as Exhibit 13 is a true and correct copy of a Bloomberg L.P. "Short Interest" report for Avaya.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of November, 2009, at San Diego, California.

_____
ARTHUR C. LEAHY

S:\CasesSD\Avaya\DEC 00063253.doc