RECEIVED
JUN - 1 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD CHARATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVAYA, INC., et al.,<br><br>Defendants. | No. 3:05-cv-02319-MLC-TJB<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

RECEIVED
JUN - 1 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

485550_2

WHEREAS, a consolidated action is pending before this Court styled *Charatz v. Avaya, Inc., et al.*, No. 3:05-cv-02319-MLC-TJB (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of March 31, 2010 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _August 10_, 2010, at _2:00 p_.m., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair,

- 1 -

485550_2

reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies for settlement purposes only, a Class defined as all Persons who purchased or otherwise acquired Avaya Publicly Traded Securities between March 2, 2005 and April 19, 2005, inclusive, and who were allegedly damaged thereby. Excluded from the Class are Defendants, the officers and directors of Avaya during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

4.   Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, California ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

5.   Not later than _June 11_, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by

- 2 -

485550_2

first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

6. Not later than __June 21__, 2010, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

7. Not later than __June 23__, 2010, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased or acquired Avaya Publicly Traded Securities for the benefit of another Person during the period March 2, 2005 and April 19, 2005, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Avaya Publicly Traded Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

9. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release forms in accordance with the instructions

- 3 -

485550_2

contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

11. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _July 26_, 2010. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions of Avaya's common stock during the Class Period, including the dates, the number of shares purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this

paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

13. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within twenty-one (21) calendar days prior to the Settlement Hearing.

14. Any member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Jerome F. Birn, Jr., Wilson Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, CA 94304-1050 on or before July 26, 2010; and said objections, papers, and briefs are filed with the Clerk of the United

States District Court for the District of New Jersey, on or before  July 26  , 2010. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All papers in support of the settlement, Plan of Allocation, and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶14 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

17. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

485550_2

18. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees and expenses should be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 or ¶2.8 of the Stipulation.

20. Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21.   The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: June 1, 2010

_____
THE HONORABLE MARY L. COOPER
UNITED STATES DISTRICT JUDGE