EXHIBIT  A

## COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

Founded in 1924, Cohn Lifland Pearlman Herrmann & Knopf LLP is a firm dedicated to the general practice of law at the highest level of professional competence, striving to achieve maximum benefit for our clients in the most efficient and professionally responsible manner.

Our firm has a wide ranging litigation practice at both the trial and appellate levels of the federal and New Jersey state court systems, having successfully litigated cases up through and including the United States Supreme Court.  We regularly handle complex and sophisticated commercial litigation, including class and derivative litigation, in the areas of corporate and securities fraud, lender and accounts' liability, consumer protection, franchise, anti-trust, qui tam, RICO, employment and intellectual property.

Among the more prominent cases in which the firm has been involved either as sole counsel, lead or co-lead counsel, liaison counsel or in which we have otherwise participated substantively to a significant extent are the following:

Aviva Partners LLC, et al. v. Exide Technologies, et al., U.S.D.C., District of New Jersey, 3:05-cv-3098 (MLC/LHG) ($13.7 million settlement on behalf of the class)

**EXHIBIT A**

*In re Amerada Hess Corporation Securities Litig.*, Docket No. 02-03359 (District of New Jersey) ($9 million settlement on behalf of the class)

*In re: Cambrex Corp. Securities Litig.*, Docket No. 03-4896 (District of New Jersey) ($3,150,000 settlement on behalf of the class).

*In re Merck & Co. Sec., Derivative & Erisa Litig.*, 493 F. 3d 393 (3d Cir. 2007)(the use of after acquired information obtained through discovery may be utilized to establish demand futility in shareholder derivative litigations)

*Rolnik v. AT&T Wireless Services, Inc.*, Superior Court of New Jersey ($43 million recovery);

*In re Remeron Antitrust Litigation*, Case No. 02-2007, District of New Jersey ($75 million recovery);

*In re Lucent Securities Litigation*, 327 F. Supp. 2d. 426 (D.N.J. 2004)($517 million recovery);

*In re AT&T Securities Litigation*, Master File No. 00-5364 (GEB), District of New Jersey ($100 million settlement);

*In re Honeywell International, Inc. Securities Litigation*, Lead Case No. 2:00cv03605 (DRD), District of New Jersey and 211 F.R.D. 255 (D.N.J. 2002)($100 million recovery)

*United States of America, ex. rel; Thomas G. Quinn v. Omnicare Inc., et als.*, Docket No. 03-2187, (3d. Cir. 2004)(successfully obtaining a summary judgment on behalf of defendants which was affirmed by the Third Circuit);

*Varsolona v. Breen Capital Services Corp.*, 360 N.J. Supp. 292 (App. Div. 2003), *aff'd as modified*, 180 N.J. 605 (2004);

*Williams et als. v. Chatmon, et als.*, Superior Court of New Jersey, Essex County ($1.6 million jury verdict in securities litigation);

*In Re: PSE&G Shareholder Litigation*, 173 N.J. 258 (2002); *see also*, 315 N.J. Super. 323 (Ch. Div. 1998);

*Burgo v. Volkswagen of Amer.*, 183 F. Supp. 2d. 683 (D.N.J. 2001)($1.3 million recovery);

2

California Public Employees' Retirement System v. Chubb Corp., 127 F. Supp. 2d.

In re: Nazi Era Cases Against German Defendants, 135 F. Supp. 2d. 537 (D.N.J. 2000); 198 F.R.D. 429 (D.N.J. 2000);

In re: Diet Drug Litigation, This Matter Relates to: Lynn Vadino, et. al., v. American Home Products Corp., et al., Case Code #240, Docket No. 3042-97, (Law Div. 1999)($2.5 billion dollar total recovery);

In re: Nice Systems Securities Litigation, 188 F.R.D. 206 (D.N.J. 1999);

Burger-Fischer v. DeGussa AG, 65 F. Supp. 2d. 248 (D.N.J. 1999);

Weikel v. Tower Semiconductor, Ltd., 183 F.R.D. 377 (D.N.J. 1998)($16.25 million recovery in class action securities litigation);

In re: Anadigics, Inc. Securities Litigation, Master File No. 98-917 (MLC)($11.5 million recovery);

In re: Mobilemedia Securities Litigation, 28 F. Supp. 2d. 901 (D.N.J. 1998)($23.95 million recovery);

Grassi v. Information Resources, Inc., 63 F. 3d. 596 (7th Cir. 1995)(class action securities litigation tried to conclusion);

In re: Hibbard Brown Securities Litigation, Master File No. 93 Civ 1150, MDL Docket 962 ($150 million approved claim in bankruptcy);

In re: General Tire & Rubber Co. Securities Litigation, 726 F. 2d. 1057 (6th Cir. 1994);

Gelles v. TDA Industries, 44 F. 3d. 102 (2d. Cir. 1994) (establishing standards in the Second Circuit on the "in connection with" principle for securities fraud);

Easton & Co. v. Mutual Benefit Life Insurance Co., Fed. Sec. L. Rep. (CCH) ¶'s 96,595, 97,294 and 97,348 (D.N.J. 1993)($2.75 million recovery);

3

<u>Resolution Trust Corp. v. DiDomenico</u>, 837 F. Supp. 623 (D.N.J. 1993);

<u>In Re: Bronze and Copper Anti-Trust Litigation</u>, Master File No. 93-4673 (AET), District of New Jersey;

<u>V. Rachael Lerch, et als. v. Citizens First Bancorp, et al.</u>, 805 F. Supp. 1142 (D.N.J. 1992) and 144 F.R.D. 247 (D.N.J. 1992)($4 million recovery in securities litigation);

<u>Zinberg v. Washington Bancorp, et al.</u>, 138 F.R.D. 397 (D.N.J. 1990)($2.1 million recovery in securities litigation);

<u>In Re: C.R. Bard, Inc. Securities Litigation</u>, Master File No. 90-948 (AMW), District of New Jersey ($18.1 million settlement);

<u>In Re: The Regina Company, inc. Securities Litigation</u>, Civil Action No. 88-4149 (HAA), District of New Jersey ($7.3 million recovery);

<u>Pearl Newman, et al. v. On Line Software International, inc., et al.</u>, Civil Action No. 88-3247 (JLL), District of New Jersey ($4.1 million recovery during trial in class action securities litigation);

<u>Rose Cammer, et als. v. Bruce M. Bloom, et als.</u>, Civil Action No. 88-2458 (AJL) (<i>See</i> 711 F. Supp. 1264 (D.N.J. 1989)($15 million recovery);

<u>In Re: Todd Shipyards Securities Litigation</u>, Master File No. 88-2580 (DRD), District of New Jersey ($12.6 million recovery);

<u>Willis v. Rubiera Zim</u>, 705 F. Supp. 205 (D.N.J. 1988);

<u>Reufenacht v. O'Halleran</u>, 737 F. 2d. 320 (3d. Cir. 1984), <i>aff'd</i>, sub. nom. <u>Gould v. Reufenacht</u>, 471 U.S. 701 (1985)(succeeded in persuading the Supreme Court to disavow the "sale of business doctrine" and afford a private right of action under the antifraud provisions of the federal securities laws to those who purchase businesses by acquiring stock rather than assets);

<u>Emanuel Metz, etc. v. Jupiter Industries, et als.</u>, Civil
Action No. 85-c-08414, Northern District of Illinois ($3.1
million recovery in class action securities litigation);

<u>In Re: California Life Insurance Company Securities
Litigation</u>, MDL Docket No. 400 (LEW), Central District of
California ($3.25 million recovery);

<u>In Re: General Public Utilities Corporation Securities
Litigation</u>, Fed. Sec. L. Rep. (CCH) 1983-1984 Transfer
Binder, ¶99,566 (D.N.J. 1983)($24.5 million recovery); and

<u>Abramowitz v. Posner</u>, 672 F. 2d. 1025 (2d. Cir. 1982) and
513 F. Supp. 120 (S.D.N.Y. 1981 shareholder derivative
litigation).

   Our firm also represents clients in substantial
matrimonial actions involving divorce, custody, division of
property and support as well as pre and postnuptial
planning and agreements.  Firm members enjoy expertise in
chancery and probate litigation as well as both federal and
state criminal proceedings.  We also have a significant
tort practice which includes personal injury, medical and
legal malpractice, product liability, environmental matters
and toxic torts.

   We regularly represent creditors, debtors and third
parties in bankruptcy cases ranging from individual
insolvencies to complex reorganizations and related
problems.

   Our active transactional practice includes business
planning, mergers, acquisitions, investments and
franchising.  We offer a broad scope of legal services to

our clients in corporate and financial transactions. Our real estate experts provide practical knowledge and extensive expertise in the purchase, sale, development and financing of commercial and residential properties, together with land use and environmental regulatory matters.

Many members of our firm are recognized experts in their particular areas of practice and have written, lectured and taught regularly. Articles authored by firm members have been published in leading legal publications and repeatedly cited in reported decisions including those of the New Jersey Supreme Court. We are consulted frequently by other members of the bar throughout the United States. Our firm acts as counsel in New Jersey to more than 100 leading law firms and practitioners both from within and without the state.

Our clientele includes many national and international corporations, local and regional companies, the State of New Jersey (which we represent in both securities and environmental litigation) government agencies and public and private pension funds as well as individuals from all walks of life, presenting problems requiring a high degree of professional skill and practical counseling. Uniquely,

a number of clients have continued to retain our firm for generations.

Above all we take great pride in the high quality of services rendered and in our steadfast dedication to the diligent representation of the interests of each of our clients.

**ALBERT L. COHN**

Albert L. Cohn specializes in litigation.  He has tried significant cases involving personal injury (product liability and malpractice), family law (including divorce and custody), employment law (suits for harassment and wrongful termination), probate contests and actions determining disability insurance coverage.

Mr. Cohn is a graduate of Georgetown University and the Harvard Law School.  He is admitted to practice in New Jersey and in the District of Columbia.

In addition to full-time practice for the last 22 years, he has been an adjunct professor Rutgers (Newark) Law School, where he teaches Appellate Advocacy.  In this regard, Mr. Cohn has argued numerous cases before the Appellate Division and the New Jersey Supreme Court.  He is Chair of the New Jersey Institute for Continuing Legal Education and frequently lectures for that organization on litigation related matters, as well as for other bar associations and professional organizations.  He was the 1994 recipient of the prestigious Alfred C. Clapp Award in Legal Education, presented annually to a single judge or attorney for excellence in legal education.

Mr. Cohn is a former Master of the Morris Pashman Inn of Court (of the American Inns of Court Foundation), served

on its Executive Committee and is a member of the permanent faculty for the National Institute of Trial Advocacy in New Jersey.  He is a Certified Civil Trial Attorney by the New Jersey Supreme Court Board on Trial Attorney Certification and was a member of the first group of attorneys so designated.

Mr. Cohn is a member of the American, New Jersey State, Bergen County and Passaic County Bar Associations and is President and Trustee of the Harvard Law School Association of New Jersey.

He was formerly a member of the Editorial Board of *Trial Magazine* and since 1989 has been a member of the Board of Editors of *Divorce Litigation*.

Mr. Cohn has written extensively, including the following articles:

"Medical Malpractice Litigation:  A Plague on Both Houses," 52 *American Bar Journal*, No. 1, p. 32, January, 1966; "The Journal Profile:  Justice Mountain of the New Jersey Supreme Court," No. 56, p. 19, *New Jersey State Bar Journal*, August 1971; "Practice and Malpractice – The Other Side of the Coin – An Attorney's Viewpoint," *Medical Trial Technique Quarterly*, Winter, 1974; "Practice and Malpractice:  Some Problems and Solutions," No. 71, p. 12, *New Jersey State Bar Journal*, May 1975; "Digests of new

9

Jersey Cases on Malpractice," Institute for Continuing
Legal Education, 1976.  Co-author with Barry A. Knopf:
"Professional negligence – Law of Malpractice in New
Jersey," Institute for Continuing Legal Education 1981, 2nd
Edition, 1985, 3rd Edition, 1991, 4th Edition, 1996, 5th
Edition, 2001.  Co-author with Sheila Murphy: "Liability
for Acts of Discharged Patients," 121 N.J.L.J. 774 (April
21, 1988); co-author with Donna M. Harris, "Subject Matter
Jurisdiction:  A Doctrine Neither Gone Nor Forgotten in
Matrimonial Litigation"; *Divorce Litigation*, Vol. 1, No.
11, February 1990, p. 7; co-author with Hayde B. Wolfe,
"Law Firm Dissolution Litigation – Divorce American Style",
*The National Trial Lawyer*, January 1991; co-author with
Hayde B. Wolfe, "Joint Custody:  What do the Real Experts
Say?", *The National Trial Lawyer*, November 1991; co-
authored an article entitled, "Practice and Malpractice
After Circle Chevrolet:  Some Practical Considerations of
the Entire Controversy Doctrine", 28 *Rutgers Law Journal*,
No. 1, P. 79 (Autumn 1996)(this article was cited by the
New Jersey Supreme Court in Prevratil v. Mohr, 145 N.J.,
180 (1996) at 192).

Mr. Cohn's recent trial successes included a $3.3
million verdict in Adelman v. Lupo, 291 N.J. Super. 201
(App. Div. 1996), Superior Court of New Jersey, Law

Division, Bergen County, Docket No. BER-L-16622-91; a
verdict of $560,000 in a wrongful termination case in the
Superior Court of New Jersey, Law Division, Bergen County,
Docket No. BER-L-6125-93, <u>Flager v. Tandem Computers, Inc.,</u>
<u>et al</u>; a successful action in having a will declared
constructively revoked even though none of the statutory
prerequisites were met.  <u>Estate of Mario Giacalone</u>, (which
case was the subject of substantial editorial comment); and
after a trial that spanned almost two years, Mr. Cohn was
successful in having an insured declared totally disabled
by reason of vaginal herpes, as a consequence of which the
plaintiff will be able to receive $15,000 per month until
the year 2009.  The totality of monies received by the
plaintiff will exceed $4 million.

Mr. Cohn's recent appellate arguments included
successfully setting aside a lower court ruling prohibiting
the establishment of a Buddhist temple in a residential
neighborhood in Hunterdon County where both the local
zoning board and the trial court upheld the objections to
the construction of the temple.  <u>Kali-Bari Temple v. Board</u>
<u>of Adjustment Township of Readington</u>, 271 N.J. Super. 241,
249 (App. Div. 1994); successfully challenged a verdict of
"No Cause for Action" in favor of Chrysler where it was
sued for an alleged defect in one of its automobile

products (Chrysler had made frequent mention during trial that the National Highway Traffic Safety Administration (NHTSA) had no other records of similar defects.  Adopting appellant's argument, the appellate court held this as a reversible error) Adelman v. Chrysler, 291 N.J. Super. 207 (App. Div. 1996); argued in the New Jersey Supreme Court that there should not be post-mortem alimony in a case where a wife sought support from her divorced husband (physician) for her lifetime because of her physical incapacity (the Court held for the wife) Jacobitti v. Jacobitti, 135 N.J. 571 (1994); successfully argued against appeal by wife, a Pennsylvania resident, who started an action for separate maintenance and child support in New Jersey where her husband, a New York attorney, resided. Trial court dismissed the action on the theory the wife's claim should be asserted in the action for divorce initiated by the husband in Pennsylvania.  B. v. B., A-4052-95T1, 2/27/97.

## PETER S. PEARLMAN

Peter S. Pearlman practices primarily in the areas of complex business litigation and business transactional work.

Mr. Pearlman was graduated from the University of Illinois (1967) and Seton Hall University School of Law (1970). He is admitted to practice and has represented clients before all state and federal courts in the State of New Jersey and the United States District Court for the Southern District of New York, the United States Circuit Courts of Appeals for the Second, Third, Fourth, Seventh and D.C. Circuits and the United States Supreme Court and has been permitted to appear pro hac vice before a number of state and federal district courts throughout the United States. He also regularly represents clients before the New York Stock Exchange, the Financial Industry Regulatory Authority and other self-regulatory organizations. He has been certified four times by the Supreme Court of New Jersey's Board on Trial Attorney Certification as a civil trial attorney, a certification which has been given to less than 2% of the attorneys in New Jersey.

Mr. Pearlman has lectured on topics involving business litigation before the American Bar Association and the New Jersey Institute for Continuing Legal Education. He

13

teaches trial advocacy for The National Institute of Trial
Advocacy and has also taught trial and appellate skills at
Hofstra, Widener and Roger Williams Schools of Law and is a
Master of The C. Willard Heckle Inn of Court.  He is also a
member of the Lawyers' Advisory Committee to the United
States District Court for the District of New Jersey and a
member and trustee of the Federal Bar Association of New
Jersey.

Cases in which Mr. Pearlman has been involved have
been the subject of more than 50 published opinions, many
of which have established important legal precedents.
Published opinions in cases in which Mr. Pearlman has been
involved, include: Aviva Partners LLC, et als. v. Exide
Technologies, et al., U.S.D.C. District of New Jersey,
3:05-cv-3098 (MLC/LHG)($13.7 million settlement for the
benefit of the class); In re Merck & Co. Sec., Derivative &
Erisa Litig., 493 F. 3d 393 (3d Cir. 2007)(the use of after
acquired information obtained through discovery may be
utilized to establish demand futility in shareholder
derivative litigations); In re AT&T Securities Litigation,
455 F.3d 160 (3d Cir. 2006)($100 million settlement for the
benefit of the class);  In re Remeron Antitrust Litigation,
367 F. Supp. 2d 675 (D.N.J. 2005) ($75 million settlement
for the benefit of the class); Rolnik v. AT&T Wireless

14

Services, Inc., Superior Court of New Jersey ($43 million recovery);

In re K-Dur Antitrust Litigation, 338 F. Supp. 2d. 517 (D.N.J. 2004); U.S. ex rel. Quinn v. Omnicare Inc., 382 F. 3d. 432 (3d. Cir. 2004)(in which the court established standards for Qui Tam litigation in this circuit and held that pharmaceutical suppliers to long term care facilities in New Jersey had no obligation to reimburse Medicaid for returned medications, even if those medications later were resold by the suppliers); Varsolona v. Breen Capital Services Corp., 360 N.J. Super. 292 (App. Div. 2003); aff'd as modified, 180 N.J. 605 (2004); In re Cendant Corp. Litigation, 243 F. Supp. 2d. 166 (D.N.J. 2003); Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F. 3d. 180 (3d. Cir. 2003); In re Honeywell International Securities Litigation, 211 F.R.D. 255 (D.N.J. 2002)($100 million settlement obtained for the benefit of the class); In re: PSE&G Shareholder Litigation, 173 N.J. 258 (2002)(the Supreme Court adopted new liberalized pleading standards for plaintiffs in shareholder derivative litigation, rejecting the more rigid Delaware standards); In re: Honeywell International Securities Litigation, 182 F. Supp. 2d. 414 (D.N.J. 2002); In re America Online, Inc., 168 F. Supp. 2d. 1359 (S.D. Fla. 2001); Burgo v. Volkswagen

of America, 183 F. Supp. 2d. 683 (D.N.J. 2001); California Public Employees Retirement System v. Chubb Corp., 127 F. Supp. 2d. 572 (D.N.J. 2001); Noorily v. Thomas & Betts Corp., 188 F. 3d. 153 (3d. Cir. 1999), *cert. denied*, 529 U.S. 1053; Megatech, Inc. v. NSD Acquisitions LP, 215 F. 3d. 1320 (4th Cir. 2000); In re: Nazi Era Cases Against German Defendants, 198 F.R.D. 429 (D.N.J. 2000)(billion dollar settlement achieved for the benefit of the class); In re: Interneuron Pharmaceuticals Litigation, 188 F.R.D. 3 (D. Mass. 1999); In re: Nice Systems Securities Litigation, 188 F.R.D. 206 (D.N.J. 1999); Burger-Fischer v. DeGussa AG, 65 F. Supp. 2d. 248 (D.N.J. 1999); In re: Milestone Scientific Securities Litigation, 183 F.R.D. 404 (D.N.J. 1998), *also* 187 F.R.D. 165 (D.N.J. 1999), *also*, 103 F. Supp. 2d. 425 (D.N.J. 2000); In re: Cendant Corporation Securities Litigation, 182 F.R.D. 144 (D.N.J. 1998); In re: Computron Software Litigation, 6 F. Supp. 2d. 313 (D.N.J. 1998); Weikel v. Tower Semiconductor, Ltd., 183 F.R.D. 377 (D.N.J. 1998)($16.25 million settlement achieved for the benefit of the class); In re: Mobilemedia Securities Litigation, 28 F. Supp. 2d. 901 (D.N.J. 1998); In Re: PSE&G Shareholder Litigation, 315 N.J. Super. 323 (Ch. Div. 1998); Matter of TDA Industries, Inc., 240 A.D. 2d. 262 (N.Y.A.D. 1 Dept. 1997); J.K. Funding, Inc. v. DeCara

<u>Enterprises, Ltd.</u>, 235 A.D. 2d. 785 (N.Y.A.D. 3 Dept. 1997), *also* 270 A.D. 2d. 456 (N.Y.A.D. 2 Dept. 2000); <u>Grassi v. Information Resources, Inc.</u>, 63 F. 3d. 596 (7th Cir. 1995); <u>In Re: General Tire & Rubber Co. Securities Litigation</u>, 726 F. 2d. 1057 (6th Cir. 1994); <u>Gelles v. TDA Industries</u>, 44 F. 3d. 102 (2d. Cir. 1994)(establishing new standards in the Second Circuit on the purchaser/seller requirement of SEC Rule 10b-5), *also* Fed. Sec. L. Rep. ¶97,960 (S.D.N.Y. 1993), *also* Fed. Sec. L. Rep. ¶96,110 (S.D.N.Y. 1991); <u>Easton & Co. v. Mutual Benefit Life Insurance Co.</u>, Fed. Sec. L. Rep. (CCH) ¶'s 96,595, 97,294 and 97,348 (D.N.J. 1993); <u>V. Rachael Lerch, et als. v. Citizens First Bancorp, et al.</u>, 805 F. Supp. 1142 (D.N.J. 1992), *also* 144 F.R.D. 247 (D.N.J. 1992)($4 million settlement achieved for the benefit of the class); <u>Franz v. Raymond Eisenhardt Sons, Inc.</u>, 732 F. Supp. 521 (D.N.J. 1990); <u>Zinberg v. Washington Bancorp, et als.</u>, 138 F.R.D. 397 (D.N.J. 1990)($2.1 million settlement achieved for the benefit of the class); <u>Rose Cammer, et als. v. Bruce M. Bloom, et als.</u>, 711 F. Supp. 1264 (D.N.J. 1989)($15 million settlement achieved for the benefit of the class); <u>Willis v. Rubiera Zim</u>, 705 F. Supp. 205 (D.N.J. 1988)(clarifying the right of arbitrators to award punitive damages on investors claims); <u>Reufenacht v. O'Halleran</u>, 737 F. 2d. 320

(3d. Cir. 1984), *aff'd*, *sub nom*. Gould v. Reufenacht, 471 U.S. 701 (1985)(the Supreme Court disavowed the sale of business doctrine, thereby confirming the right of those who purchase businesses by acquiring the corporate stock rather than the business assets to the protection of the anti-fraud provisions of the federal securities laws); In Re: General Public Utilities Corporation Securities Litigation, Fed. Sec. L. Rep. (CCH) 1983-1984 Transfer Binder, ¶99,566 (D.N.J. 1983)($24.5 million settlement achieved for the benefit of the class); Abramowitz v. Posner, 672 F. 2d. 1025 (2d. Cir. 1982), *also* 513 F. Supp. 120 (S.D.N.Y 1981)(setting standards for shareholders derivative litigation in the Second Circuit); Degenaars v. Degenaars, 186 N.J. Super. 233 (Ch. Div. 1982); Turner v. Aldens, Inc., 179 N.J. Super. 596 (App. Div. 1981); Roem v. Borough of Dumont, 176 N.J. Super 397 (App. Div. 1980); In re: General Tire & Rubber Co. Securities Litigation, 429 F. Supp. 1032 (J.P.M.L. 1977); and Scott v. Richstein, 129 N.J. Super. 516 (Law Div. 1974).

As a transactional attorney, Mr. Pearlman has represented numerous clients in the formation, purchase, sale, reorganization and franchising of corporations, partnerships and limited liability companies in

transactions ranging from a few hundred thousand dollars to
in excess of $100 million.

### JEFFREY W. HERRMANN

Jeffrey W. Herrmann, Esq. practices primarily in the areas of complex commercial litigation and bankruptcy. He received his B.A. from Columbia University in 1973, and J.D. from Columbia Law School in 1976. He is admitted to practice and has represented clients before all state and federal courts in the State of New Jersey, the United States Court of Appeals for the Second, Third and Seventh Circuits, and the United States Supreme Court. He has also been permitted to appear pro hac vice before numerous courts outside of the State of New Jersey throughout the United States. In addition, Mr. Herrmann regularly represents clients before the New York Stock Exchange, National Association of Securities Dealers and the American Arbitration Association.

Mr. Herrmann has been involved in litigation that has been the subject of numerous published opinions. He has acted as lead attorney in cases that have established important precedents both in New Jersey and nationally in the areas of consumer fraud, securities fraud and bankruptcy.

Cases in which Mr. Herrmann has been involved include: Varsolona v. Breen Capital Services Corp., 360 N.J. Super. 292 (App. Div. 2003), aff'd as modified, 180 N.J. 605

(2004); <u>In Re Party City Securities Litigation</u>, 189 F.R.D. 91 (D.N.J. 1999); <u>Lauchheimer v. Gulf Oil</u>, 6 F. Supp. 2d. 339 (D.N.J. 1998); <u>In re TCW/DW North American Gov't Income Trust Securities Litigation</u>, 941 F. Supp. 326 (S.D.N.Y. 1996); <u>Miller v. American Family Publishers</u>, 284 N.J. Super 67 (Ch. Div. 1995); <u>In re Topcroft</u>, 122 B.R. 235 (Bkrcy. D.N.J. 1990) *rev'd* 136 B.R. 99 (D.N.J. 1991); <u>Gould v. Ruefenacht</u>, 471 U.S. 701 (1985); <u>In re Provincetown Boston Airline Inc.</u>, 52 B.R. 620 (M.D. Fla. 1985); <u>In re General Tire and Rubber Co. Securities Litigation</u>, 726 F. 2d. 1077 (6th Cir. 1984); <u>Trus Joint Corp. v. Treetop Associates, Inc.</u>, 190 N.J. Super. 168 (App. Div. 1983), *rev'd* 97 N.J. 22 (1984); <u>Shandel v. Shell Oil Co.</u>, 195 N.J. Super 311 (Law Div. 1984); <u>Abramowitz v. Posner</u>, 513 F. Supp. 120 (S.D.N.Y. 1981), *aff'd*, 672 F. 2d. 1025 (2d Cir. 1982); and <u>Turner v. Adlens, Inc.</u>, 179 N.J. Super 596 (App. Div. 1981.)

**BARRY A. KNOPF**

Barry A. Knopf practices in the area of civil litigation with primary emphasis on major personal injury cases including malpractice and products liability.

A graduate of both Rutgers University (1968) and Rutgers University School of Law (1972), he is admitted to practice before all state and federal courts in the State of New Jersey, the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States of America. He regularly represents clients before many other forms of tribunals including administrative courts, arbitration and mediation proceedings. He has been certified four times by the Supreme Court of New Jersey Board on Trial Attorney Certification as a civil trial attorney, a certification which as been given to less than 2% of the attorneys in New Jersey.

Mr. Knopf has lectured on numerous topics involving civil litigation before the New Jersey Institute for Continuing Legal Education and the New Jersey Bar Association. He teaches trial advocacy for the National Institute for Trial Advocacy and has also taught at the trial advocacy programs at Hofstra University School of Law. He is a master of the Morris Pashman Inns of Court where he is a regular speaker on litigation topics.

He has co-authored the text "Professional Negligence – Malpractice Law in New Jersey" published by the New Jersey Institute for Continuing Legal Education which is presently in its fifth edition.   In addition, he has co-authored a chapter "Drugs and Medical Devices:  The Unavoidably Unsafe Products" in *New Jersey Product Liability Law* published by New Jersey Law Journal Books in 1995.   He authored "Civil Trial Preparation", the manual published by the New jersey Institute for Continuing Legal Education for their Practical Skills Series which all attorneys must take shortly after passing the Bar.  He is currently the editor of the text "New Jersey Personal Injury Litigation" scheduled to be published in 2006 by Lexis Nexis a division of Matthew Burden & Company, Inc.

He has given many lectures to various groups on such topics as wrongful death and medical malpractice cases, automobile and tractor trailer accident reconstruction, mastering the art of opening and closing statements, trial of obstetrical and other malpractice cases, as well as a commentator at the program presented orally on significant civil cases.

In over thirty years within the field of complex personal injury litigation, he has represented clients in professional negligence, product liability and negligence

23

cases which have resulted in millions of dollars in recovery.

### ROBERT D. ZATORSKI

Robert D. Zatorski practices primarily in the area of medical malpractice, criminal defense and complex commercial litigation. He is a graduate of Rutger's University (1965) and Rutger's Law School (1972). He is admitted to practice and has represented clients before all state courts and federal courts in the State of New Jersey and the State of New York. He is designated by the Supreme Court of New Jersey's Board on Trial Certification as a Certified Criminal Trial Attorney, a certification which has been given to less than 1% of the attorneys in New Jersey. Cases in which he has been involved have been the subject of more than ten published opinions. Mr. Zatorski has lectured on topics involving medical malpractice, criminal defense and general litigation tactics before the New Jersey Institute for Continuing Legal Education.

### ALLEN SUSSER

Allen Susser is the partner in charge of the firm's Real Estate Department. He has been handling real estate matters on a regular basis for more than 20 years. These matters have included the representation of purchasers and sellers in commercial and residential real estate transactions as well as persons and corporations in mortgage financing transactions. Mr. Susser also represents clients in various real estate related litigation. Included in that area of Mr. Susser's practice is foreclosure matters on behalf of banks and mortgage companies as well as the FDIC and RTC.

In addition, Mr. Susser regularly appears before numerous municipal boards of adjustment and planning boards representing clients seeking variances, subdivisions, site plan approvals, etc.

## MARY ANN STOKES

Mary Ann Stokes specializes in the unusual combination of family law and securities litigation.  She was graduated Phi Beta Kappa from Brooklyn College at the City University of New York and received her Juris Doctor from Rutgers University School of Law.  She is admitted to practice before the Federal and State courts in New Jersey as well as the United States Supreme Court.  Ms. Stokes appears regularly before the New York Stock Exchange and the National Association of Security Dealers where she represents investors in disputes with their brokers.

A substantial portion of Ms. Stokes' practice involves family matters, including domestic violence, issues of custody and visitation, pre-nuptial planning and divorce mediation.  She has lectured on family law issues for the New Jersey Institute for Continuing Legal Education.

Ms. Stokes served for six years as a trustee of the Midland Park Board of Education, and for five years as a trustee of the Saddle Brook Chamber of Commerce.

### JOSHUA P. COHN

Joshua P. Cohn specializes in both civil and criminal litigation. He has tried cases involving personal injury, employment law and he has been involved in extensive commercial and professional malpractice litigation. Mr. Cohn has also tried several criminal cases and he represents clients in matrimonial litigation.

Mr. Cohn is a graduate of Hamilton College (B.A. with honors, 1984) and Georgetown University Law Center (J.D. cum laude, 1987.) Upon graduation from law school, Mr. Cohn clerked for the Honorable Alfred M. Wolin, United States District Court for the District of New Jersey.

Following his judicial clerkship, Mr. Cohn practiced with the New York law firm, Dewey Ballentine, where he was involved in commercial, securities and anti-trust litigation on a national level. After his tenure with Dewey Ballentine, Mr. Cohn served as an Assistant Prosecutor in the Bergen County Prosecutor's Office for several years. As a prosecutor, Mr. Cohn tried many criminal cases, argued several appeals before the Appellate Division and he represented the State of New Jersey in an argument before the New Jersey Supreme Court. State v. Whyte, 133 N.J. 287 (1993.)

Mr. Cohn has been affiliated with the firm since 1994 and he has been a partner since 1998.

Mr. Cohn served as a faculty member of the Seton Hall University School of Law where he taught Legal Research and writing for six years and he has also taught at the graduate and undergraduate level for Seton Hall University. Mr. Cohn has also been affiliated with the Morris Pashman Inn of Court where he has been a Barrister since 1996.

Mr. Cohn has served as the Public Defender for the Town of Saddle Brook and he is presently a Criminal Justice Act Panel Member in the District Court for the District of New Jersey.

Mr. Cohn is admitted to practice before the bars of the States of New Jersey, New York and the District of Columbia and he is affiliated with several local, regional and national bar associations.

## LEONARD Z. KAUFMANN

Leonard Z. Kaufmann concentrates his practice on litigation, primarily commercial, general negligence, professional liability, consumer litigation and class action. Admitted to practice in New Jersey and in New York, and before the United States Court of Appeals for the Third and Fourth Circuits.

Mr. Kaufmann is a member of the New Jersey State, and Bergen County Bar Associations and is a Barrister of the Justice Robert L. Clifford American Inns of Court. He has lectured for the New Jersey Institute for Continuing Legal Education, has published an article in the New Jersey Lawyer entitled, "Need for Experts and Legal Malpractice Cases", *New Jersey Lawyer*, October 21, 1996 and was an attorney in the published case <u>Lauchheimer v. Gulf Oil</u>, 6 F. Supp. 2d. 339 (D.N.Y. 1998.)

Mr. Kaufmann received his B.A. from the University of New Orleans, his Master of Social Work degree from Tulane University and his J.D. from Rutgers University School of Law.